_____



SO ORDERED,

Judge Edward Ellington
United States Bankruptcy Judge
Date Signed: June 5, 2015

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **NEWYLIAU SOMBREE HARRIS** | **CASE NO. 1403495EE** |
| | |
| **CAPITAL FURNITURE COMPANY, INC.** | |
| **V.** | **ADVERSARY NO. 1500011EE** |
| **NEWYLIAU SOMBREE HARRIS** | |

Hon. Richard R. Grindstaff                                               Attorney for Debtor
grindstaf@yahoo.com
Post Office Box 720517
Byram, MS 39272


Hon. John S. Simpson                              Attorney for Capital Furniture Company, Inc.
jsimpson@simpsonlawfirm.net
Hon. Stacey Moore Buchanan
sbuchanan@simpsonlawfirm.net
Post Office Box 1410
Ridgeland, MS  39158-1410

Edward Ellington, Judge

**MEMORANDUM OPINION**

**THIS MATTER** came before the Court on the *Amended Motion to Dismiss 11 U.S.C. Section 523(a)(2)(B) Allegations and Alternatively to Dismiss Complaint in its Entirety for Failure to Properly Serve Defendant* (Adv. Dkt. #12) filed by Newyliau Sombree Harris and *Capital Furniture Company, Inc's Response to Debtor's Amended Motion to Dismiss* (Adv. Dkt. #13). Having considered same, the Court finds that the motion should be granted dismissing the grounds for relief under 11 U.S.C. § 523(a)(2)(B) but that Capital Furniture Company, Inc. should be given time to file an amended complaint if it so chooses.

**FINDINGS OF FACT**[1]

On October 29, 2014, Newyliau Sombree Harris (Debtor) filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On February 9, 2015, Capital Furniture Company, Inc. (Capital Furniture) commenced the above-styled adversary proceeding when it filed its *Complaint to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(2)(B)* (Adv. Dkt. #1) (Complaint).

In the Complaint, Capital Furniture alleges that the Debtor purchased furniture from Capital Furniture on February 14, 2014, and never made a payment to Capital Furniture. Capital Furniture filed suit against the Debtor in the County Court of the First Judicial District of Hinds County,

---

[1] These proposed findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

2

Mississippi, and Capital Furniture obtained a default judgment against the Debtor in the total amount of $3,972.56. After Capital Furniture issued a garnishment to the Debtor's employer, the Debtor filed bankruptcy. Capital Furniture seeks to have its debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)[2] and/or § 523(a)(2)(B).

On February 11, 2015, the Court issued the *Summons in An Adversary Proceeding* (Adv. Dkt. #3) (Summons) to the attorney for Capital Furniture. Capital Furniture filed its *Certificate of Service* (Adv. Dkt. #6) (COS) of the executed Summons on March 10, 2015. The COS states that the Summons and a copy of the Complaint were mailed certified mail with return receipt requested to the Debtor and her attorney of record, Kimberly S. Sweeney, via the United States Postal Service. Ms. Sweeney executed the return receipt on February 17, 2015. The COS does not have a return receipt executed by the Debtor.

The Debtor filed a *Motion for Extension of Time to Respond to Complaint to Determine Dischargeability of Debt* (Adv. Dkt. #7) on March 12, 2015. The parties entered into an agreed *Order* granting the Debtor additional time to respond to the Complaint. On March 13, 2015, Richard R. Grindstaff entered his appearance on behalf of the Debtor in the adversary proceeding (Adv. Dkt. #9).

On March 30, 2015, Mr. Grindstaff filed an *Amended Motion to Dismiss 11 U.S.C. Section 523(a)(2)(B) Allegations and Alternatively to Dismiss Complaint in its Entirety for Failure to Properly Serve Defendant*[3] (Adv. Dkt. #12) (Amended Motion). The Debtor's Amended Motion

---

[2] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[3] The original motion was filed on March 24, 2015, (Adv. Dkt. #10). The Amended Motion was filed to correct errors in the original motion.

3

does not request for the Complaint to be dismissed pursuant to a specific rule. The only reference to a ground for dismissal is found on page three (3) of the Amended Motion where the Debtor states: "The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss."[4] The Debtor then states that the Complaint does not allege any facts which would satisfy § 523(a)(2)(B) because there are no allegations in the Complaint that in extending credit to the Debtor, Capital Furniture relied upon a materially false statement in writing with respect to the Debtor's financial condition.[5] While not artfully drafted, the Court will treat the Amended Motion as a motion to dismiss the request for relief under § 523(a)(2)(B) pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

In addition, the Debtor states that "[t]he complaint has not been properly served. The debtor has not received a copy of the summons and complaint as required. . . .The complaint should be dismissed."[7] The Debtor does not cite any authority in support of her position.

In *Capital Furniture Company, Inc's Response to Debtor's Amended Motion to Dismiss* (Adv. Dkt. #13) (Response), Capital Furniture alleges that it has pled sufficient facts to state a claim for relief under § 523(a)(2)(B), and therefore, the Amended Motion should be denied. Capital

---

[4] *Amended Motion to Dismiss 11 U.S.C. Section 523(a)(2)(B) Allegations and Alternatively to Dismiss Complaint in its Entirety for Failure to Properly Serve Defendant*, Adv. Proc. No. 1500011EE, Adv. Dkt. #12, p. 3, March 30, 2015.

[5] *Id.* at 2-3.

[6] Federal Rule of Civil Procedure 12(b) is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). For purposes of this opinion, the Court will refer to the rule as Rule 12(b)(6).

[7] *Amended Motion to Dismiss 11 U.S.C. Section 523(a)(2)(B) Allegations and Alternatively to Dismiss Complaint in its Entirety for Failure to Properly Serve Defendant*, Adv. Proc. No. 1500011EE, Adv. Dkt. #12, p. 4, March 30, 2015.

4

Furniture further states that all the requirements in Rule 7004 for service of process were met and that the Debtor had notice of the Complaint. In the alternative, Capital Furniture requests that if the Court finds that it has not pled sufficient facts to state a claim under § 523(a)(2)(B), that it be allowed a reasonable time to amend its Complaint.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J).

### II. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure[8] requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, subsection (d)(1) supplements subsection (a) by requiring that "each allegation must be simple, concise, and direct."[9] "Rule 8 tests the sufficiency of the pleading rather than the sufficiency of the cause of action or claims asserted therein." *Scheidelman v. Henderson (In re Henderson),* 423 B.R. 598, 612 (Bankr. N.D. N.Y. 2010). While the movant is not required to give detailed statements of fact, the movant must plead something more than mere conclusory statements or "unadorned, the-[debtor]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal,* 556 U.S. 662,

---

[8]Federal Rule of Civil Procedure 8 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008. For purposes of this opinion, the Court will refer to the rule as Rule 8.

[9]Fed. R. Civ. P. 8(d)(1).

5

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).[10]  "A pleading that offers nothing more than 'threadbare recitals of the elements of a cause of action,' without supporting factual allegations, will not suffice. [*Iqbal*] at 1950 (*citing Twombly,* 550 U.S. at 555, 127 S.Ct. 1955)." *Henderson,* 423 B.R. at 612.

If a complaint does not meet the standards of Rule 8, Rule 12(b)(6) provides the avenue for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[11]  In addressing a Rule 12(b)(6) motion to dismiss in *McCoy v. Mississippi State Tax Comm. (In re McCoy),* 2009 WL 2835258 (Bankr. S.D. Miss. 2009), this Court held:

> The pleading standards that apply to a Rule 12(b)(6) motion to dismiss arise out of the requirement in [Fed. R. Civ. P.] 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that to survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  In *Twombly* the Supreme Court revisited the often-quoted language in its decision in *Conley v. Gibson,* 355 U.S. 41 (1957), that a complaint should not be dismissed at the pleading stage "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim," *Id.* at 45-56, and concluded that courts had interpreted the "no set of facts" language too literally.  *Twombly,* 550 U.S. at 561-62.
>
> More recently, in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), the Supreme Court described application of the "plausibility" standard in *Twombly* as a two-part analysis.  First, a court should begin by identifying those allegations in the complaint that, unlike non-conclusory, factual allegations, are not entitled to the assumption of truth.  *Iqbal,* 129 S.Ct. at 1949-50.  A pleading that includes "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.  Second, a court should determine whether the non-conclusory factual allegations in the complaint plausibly suggest a claim for relief.  *Iqbal,* 129 S.Ct. At 1950.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

---

[10] Some courts refer to the *Ashcroft v. Iqbal* opinion as *Ashcroft*, while other courts refer to it as *Iqbal*.  For purposes of this opinion, the Court will use *Iqbal*.

[11] Fed. R. Civ. P. 12(b)(6).

6

(even if doubtful in fact). *Twombly,* 550 U.S. at 555. Although Rule 8 does not require "detailed factual allegations," a complaint must provide the plaintiff's grounds for entitlement to relief–including factual allegations that when assumed to be true, nudge the claim across the line from conceivable to plausible.[12]

In affirming this Court's decision in *McCoy,* the Court of Appeals for the Fifth Circuit stated that the court's task was "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. In other words, we look to see whether McCoy's pleadings, including her legal arguments, plausibly state a claim that her tax debt should be discharged pursuant to § 523(a)." *In re McCoy,* 666 F.3d at 926. (citations omitted).

"The 'plausibility' test is met only where 'the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Darby v. Southern Care, Inc.,* 2010 WL 4168671, at *1 (N.D. Miss. Oct. 19, 2010)(emphasis added)." *Thorne v. Prommis Solutions Holding Corp., (In re Thorne),* Adv. No. 10-01172, 2011 WL 2496217, at *2 (Bankr. N.D. Miss. June 22, 2011).

Therefore, this Court will look to see whether Capital Furniture's factual allegations in its Complaint plausibly state a claim that its debt should be nondischargeable pursuant to §523(a)(2)(B). Section 523(a)(2)(B) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

---

[12]*McCoy v. Mississippi State Tax Comm. (In re McCoy),* 2009 WL 2835258, at *4-5 (Bankr. S.D. Miss. 2009), *aff'd, McCoy v. Mississippi State Tax Comm.,* 3:09-cv-575, 2011 WL 8609554 (S.D. Miss. Feb. 8, 2011), *aff'd, McCoy v. Mississippi State Tax Comm. (In re McCoy),* 666 F.3d 924 (5th Cir. 2012).

> . . . .
>
> (B) use of a statement in writing--
>
> > (i) that is materially false;
> >
> > (ii) respecting the debtor's or an insider's financial condition;
> >
> > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> >
> > (iv) that the debtor caused to be made or published with intent to deceive;[13]

In *Bandi v. Becnel (In re Bandi),* 683 F.3d 671 (5th Cir. 2012), the Court of Appeals for the Fifth Circuit recently addressed the differences between § 523(a)(2)(A) and § 523(a)(2)(B):

> Some debts for value obtained by means of a fraudulent statement are dischargeable under § 523(a)(2), and others are not. Debt for property or other value obtained by fraud is broadly rendered nondischargeable by § 523(a)(2)(A), but that subsection carves out certain debt that follows a transfer of value or extension of credit obtained by "a statement" regarding the debtor's "financial condition" and makes that debt dischargeable. However, certain other debt that follows a transfer of value or extension of credit obtained by "a statement" regarding the debtor's "financial condition" is rendered nondischargeable by § 523(a)(2)(B). Under this subsection, if a statement respecting the debtor's or an insider's financial condition is in writing, materially false, reasonably relied upon by the creditor, and the debtor made the statement with intent to deceive, the debt obtained by the fraud is not discharged.
>
> . . . .
>
> The Supreme Court has described these two subsections as "two close statutory companions barring discharge," the first of which pertains to fraud "not going to financial condition" and the second of which pertains to "a materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonably relied."

---

[13] 11 U.S.C. § 523(a)(2)(B).

In re *Bandi*, 683 F.3d at 674–75 (citations and footnotes omitted).

In order to prevail under § 523(a)(2)(B), Capital Furniture must show that the Debtor obtained the furniture by use of a "materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonable relied."[14] The Fifth Circuit held that the term *financial condition* should be defined by "terms commonly understood in commercial usage rather than a broadly descriptive phrase intended to capture any and all misrepresentations that pertain in some way to specific assets or liabilities of the debtor. . . .It means the general overall financial condition of an. . .individual. . .the overall value of property and income as compared to debt and liabilities." *In re Bandi,* 683 F.3d at 676. Capital Furniture bears the burden of proving each of the four elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991); *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir.2005).

Attached as Exhibit A to the Complaint is a copy of the *Retail Installment Contract and Security Agreement* (Retail Contract). In its Response, Capital Furniture argues that because the Retail Contract contains the words that the Debtor "promise[s] to pay" and that because the Debtor defaulted on her first payment, the debt to Capital Furniture should be nondischargeable because the Debtor had the "intent to deceive Capital Furniture at the time she entered into the contract with Capital Furniture."[15] Capital Furniture further states that if the Court considers the facts pled in its Complaint as true and in the light most favorable to Capital Furniture, then the Amended Motion

---

[14]*Field v. Mans,* 516 U.S. 59, 66, 116 S.Ct. 437, 133 L.Ed. 2d 351 (1995).

[15]*Capital Furniture Company, Inc's Response to Debtor's Amended Motion to Dismiss,* Adversary No. 1500011EE, Dkt. #13, p. 2, April 14, 2015.

9

should be denied because when the Debtor entered into Retail Contract the with Capital Furniture, the "Debtor knew she did not intend to pay the debt owed to Capital Furniture, and her actions were done with the intent to deceive Capital Furniture."[16]

While the Retail Contract is not easy to read, there is nothing in the Retail Contract which relates to the "general overall financial condition of. . .[the Debtor]."[17] Nor are their any statements regarding the Debtor's "overall value of property and income as compared to debt and liabilities."[18] Instead, the Retail Contract is exactly that: a contract for the purchase of furniture from Capital Furniture. It simply provides for the terms of the loan. There is nothing in the Retail Contract where the Debtor makes any statements regarding her financial condition.

Above the signatures, there is a section titled "*Additional Terms.*" Under this section, there is mention of a credit application. However, there is not a credit application attached to the Complaint as an exhibit. Further, there is no allegation in the Complaint that the Debtor completed a credit application much less any statements that there was a materially false credit application.

Taking the allegations in the Complaint in the light most favorable to Capital Furniture, the Court finds that Capital Furniture has not met its burden under § 523(a)(2)(B). Capital Furniture has not shown that the Debtor provided it with "a materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonably relied." Consequently, the request for relief under § 523(a)(2)(B), should be dismissed.

---

[16]*Id.*

[17]*In re Bandi,* 683 F.3d at 676.

[18]*Id.*

10

### III.  Motion to Amend

In its Response, Capital Furniture requests that if the Court grants the Amended Motion, it be granted leave to amend its Complaint.  While Capital Furniture does not cite any authority in support of its request to amend its Complaint, Rule 15 of the Federal Rules of Civil Procedure[19] provides that leave to amend "shall be freely given when justice so requires."[20]  The Fifth Circuit, however, has cautioned that leave to amend under Rule 15(a) "is by no means automatic." *Ashe v. Corley,* 992 F.2d 540, 542 (5th Cir. 1993).  The denial of a motion to amend is warranted for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowing of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Court does not find that there has been an undue delay or bad faith by Capital Furniture–Capital Furniture immediately requested that the Court allow it to amend its Complaint.  Nor does the Court find that allowing Capital Furniture to amend its Complaint would be unduly prejudicial to the Debtor.  Consequently, the Court finds that Capital Furniture should be granted a reasonable time to amend is Complaint if it so chooses.

### IV.  Service of Process

The Debtor also states in her Amended Motion: "The complaint has not been properly

---

[19] Federal Rule of Civil Procedure 15 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7015.  For purposes of this opinion, the Court will refer to the rule as Rule 15.

[20] Fed. R. Civ. P. 15(a).

11

served. The debtor has not received a copy of the summons and complaint as required."[21] However, contrary to Miss. Bankr. L. R. 9013-1(a), the Debtor fails to cite a rule, code section, case law or any other authority to support her allegation that the Complaint was improperly served. Consequently, the Debtor's request to dismiss the Complaint in its entirety is waived. *Hughes v. Dretke,* 412 F.3d. 582, 597 (5th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006); *Turner v. Quarterman,* 481 F.3d 292, 295 n. 1 (5th Cir. 2007), *cert. denied,* 551 U.S. 1193 (2007).

## CONCLUSION

The Court acknowledges that motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman,* 646 F. 2d 991, 993 (5th Cir. 1981). "Despite the natural hesitancy that courts have in granting such motions, plaintiffs cannot simply file anything and call it a complaint. A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Petersen Industries, Inc. v. Hol-Mac Corp.,* 2011 WL 577377, *1 (S.D. Miss. Feb. 9, 2011)(quoting *Twombly,* 550 U.S. at 555.) (citation omitted).

Since the Supreme Court's rulings in *Iqbal* and *Twombly,* the pleading standard has shifted from notice pleading to a more heightened pleading standard. In order to survive a motion to dismiss, Capital Furniture was required to plead more than the mere possibility of relief under § 523(a)(2)(B). However, it failed to do so.

Consequently, the Court finds that Capital Furniture has failed to plead sufficient facts to

---

[21]*Amended Motion to Dismiss 11 U.S.C. Section 523(a)(2)(B) Allegations and Alternatively to Dismiss Complaint in its Entirety for Failure to Properly Serve Defendant*, Adversary No. 1500011EE, Adv. Dkt. #12, p. 4, March 30, 3015.

meet the heightened pleading standard required under *Twombly* and *Iqbal*. Therefore, the Amended Motion is well taken and the request for relief under § 523(a)(2)(B) should be dismissed with prejudice[22] but that Capital Furniture should be given time to file an amended complaint if it so chooses.

Because the Debtor failed to comply with Miss. Bankr. L. R. 9013-1(a), the Debtor has waived her request to have the Complaint dismissed in its entirety for lack of proper service.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure.

##END OF FINDINGS##

---

[22]Since the Amended Motion only requested that the relief requested under § 523(a)(2)(B) be dismissed, the Court makes no findings as to the other ground for relief in the Complaint, namely § 523(a)(2)(A).